IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE KEVIN WILLIAMS, #173816, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )   CASE NO. 2:21-CV-53-RAH-KFP ) |
| KAY IVEY, et al., | ) ) ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Plaintiff Willie Kevin Williams, an inmate proceeding pro se, filed this 42 U.S.C. § 1983 action alleging that, while incarcerated at Bullock Correctional Facility in March 2020, Governor Kay Ivey, former Alabama Department of Corrections ("ADOC") Commissioner Jefferson Dunn,[1] and Warden Patrice Jones subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Doc. 1. Specifically, he claims that numerous inmates at Bullock tested positive for COVID-19, and, due to conditions at the prison as well as his status as a high-risk individual, he fears catching the disease. *Id*. As relief, he seeks compassionate release and home confinement. *Id*. at 4–7.

On February 18, 2021, the Court issued an Order directing Defendants to file a Special Report addressing Plaintiff's claims. Doc. 5. On April 1, 2021, Defendants jointly

---

[1] John Hamm has replaced Jefferson Dunn as Commissioner of the Alabama Department of Corrections. Thus, under Rule 25(d) of the Federal Rules of Civil Procedure, Hamm is automatically substituted as defendant in his official capacity. Former ADOC Commissioner Jefferson Dunn remains a defendant in his individual capacity. The Clerk is DIRECTED to update the docket accordingly.

filed a Special Report (Doc. 14), in which they seek dismissal based on the doctrine of res judicata or the Court's authority under 28 U.S.C. § 1915(e)(2). On April 13, 2021, the Court issued another Order directing Plaintiff to file a response addressing each argument and defense raised by Defendants. Doc. 16.

In the April 13 Order, the parties were given notice that "the Court may at any time and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment, whichever is proper, and (2) rule on the dispositive motion, in accordance with the law, after considering any response filed in compliance with this Order." *Id*. at 2. In accordance with that notice, the undersigned will now construe the Special Report as a motion to dismiss and RECOMMEND that the motion be GRANTED for the reasons set forth below.

## II.   DISCUSSION

### a.   To the extent Plaintiff seeks compassionate release or home confinement under a federal statute, he is not entitled to such relief.

Plaintiff's only requests for relief are compassionate release and home confinement "under 42 U.S.C. § 1983." Doc. 1 at 4–7. Because § 1983 does not confer any substantive rights in itself,[2] the Court liberally construes Plaintiff's requests as seeking release under the federal compassionate release statute, 18 U.S.C. § 3582(c), or home confinement under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"). However, Plaintiff is not entitled to such relief under either statute.

---

[2] *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979) ("Since § 1983 confers no substantive rights, a plaintiff seeking relief under the statute must bring a § 1983 claim in conjunction with some other statute or constitutional provision that provides substantive rights.").

"District courts may modify a prison sentence after it is imposed only as authorized by statute or rule." *United States v. McKreith*, No. 20-10450, 2022 WL 1073217, at *2 (11th Cir. Apr. 11, 2022) (citation omitted); *see also United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."). To that end, Congress has provided a "narrow exception to the rule of finality" and authorized a district court to modify a *federal* prison term under the three circumstances set forth in the federal compassionate release statute, 18 U.S.C. § 3582(c). *United States v. Llewlyn*, 879 F.3d 1291, 1296–97 (11th Cir. 2018); *United States v. Maiello*, 805 F.3d 992, 997 (11th Cir. 2015).

> Specifically, § 3582(c) provides that a [district] court may not modify an imprisonment sentence except . . . (1) where the [federal] Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements; (2) where another statute or Federal Rule of Criminal Procedure 35[3] expressly permits a sentence modification; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met[.]

*Phillips*, 597 F.3d at 1195.

In this case, Plaintiff is in state custody on state offenses. The ADOC website reflects that Plaintiff was sentenced in October 2012 for Rape I, Robbery I, and Kidnapping II in the Mobile County Circuit Court and that he is currently confined at Elmore

---

[3] Rule 35 provides that a district court may (1) within 14 days after sentencing, modify a sentence to correct an "arithmetical, technical, or other clear error"; or (2) reduce a sentence if the defendant provided "substantial assistance" to the government, neither of which is applicable here. *See* Fed. R. Crim. P. 35.

Correctional Facility, a state prison.[4] Given that Plaintiff is in state custody, "the federal compassionate release statute is wholly inapplicable to him." *Atkinson v. United States Dist. Ct.*, No. 20-545, 2020 WL 7931420, at *1 (S.D. Ala. Nov. 25, 2020); *see also Nguyen v. Unknown*, No. 7:21-CV-59, 2021 WL 326157, at *1 (W.D. Va. Feb. 1, 2021) ("Section 3582(c)(2) is a federal criminal statute and does not apply to a state prisoner sentenced under state law.").[5]

Similarly, the home confinement provision of the CARES Act is inapplicable to Plaintiff. The CARES Act provides:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act § 12003(b)(2). 18 U.S.C. § 3624(c)(2) provides:

> Home confinement authority.—The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

---

[4] *See* www.doc.state.al.us/InmateHistory (last visited on January 12, 2024).
[5] *See also Herrine v. Folks*, No. 23-405, 2023 WL 8285847, at *8 (S.D. Ala. Nov. 9, 2023) ("A state prisoner's plea for compassionate release is not one which federal courts, sitting in habeas, or any other situation, are entitled to act upon.") (citations and internal quotations omitted); *Williams v. Keiser*, No. 17-CV-1040, 2020 WL 2028256, at *2 (W.D.N.Y. Apr. 28, 2020) ("Williams is currently in *state* custody, and this Court does not have the authority to alter his state sentence under § 3582."); *Teague v. Colorado*, No. 20-CV-1425, 2020 WL 3429153, at *5 (D. Colo. June 22, 2020) ("Mr. Teague is in state custody . . . and the Court does not have the authority to order a compassionate release from state custody, which is a matter of state law.") (citations and internal quotations omitted); *Puerner v. Smith*, No. 09-C-1051, 2009 WL 4667996, at *2 (E.D. Wis. Dec. 3, 2009)) ("[T]his court does not have the authority to order a compassionate release from state custody, which is a matter of state law. The continued incarceration of an ill inmate does not violate the Eighth Amendment[.]").

18 U.S.C. § 3624(c)(2). These statutes confer home confinement authority to the federal Bureau of Prisons, which has no authority over state prisoners or prisons.

Moreover, even if these statutes were applicable to Plaintiff, this Court does not have the authority to grant Plaintiff home confinement. *See United States v. Phillips*, No. 6:16-CR-198, 2020 WL 2219855, at *1 (M.D. Fla. May 7, 2020) ("The CARES Act did not remove the exclusive authority of the BOP to designate the place of an inmate's confinement. The Attorney General—and by delegation the BOP—has exclusive authority and discretion to designate the place of an inmate's confinement.") (citation and internal quotations omitted); *United States v. Daniels*, No. 4:08-CR-464, 2020 WL 1938973, at *1 (N.D. Ala. Apr. 22, 2020) ("The BOP designates the place of defendant's imprisonment. The Court does not have authority to dictate placements to the BOP. While the CARES Act gives the BOP broad discretion to *expand* the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision.") (citations omitted).

Thus, Plaintiff is not entitled to compassionate release or home confinement under either of these statutes, and he does not identify any other statute authorizing this Court to modify his sentence. Accordingly, because Plaintiff is not entitled to the relief he requests, this case must be dismissed.

> **b.     To the extent Plaintiff seeks compassionate release or home confinement under an unidentified state statute, the Court should decline to exercise supplemental jurisdiction.**

To the extent Plaintiff seeks release or home confinement pursuant to a state statute he wholly fails to identify, because he has failed to state a federal claim under 42 U.S.C.

§ 1983, the Court should decline to exercise supplemental jurisdiction over any purported state law claims. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *Arnold v. Tuskegee Univ.*, 212 F. App'x 803, 811 (11th Cir. 2006) ("When the district court has dismissed all federal claims from a case, there is a strong argument for declining to exercise supplemental jurisdiction over the remaining state law claims.") (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)); *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law.").

## III. CONCLUSION

Because this action is due to be dismissed on the above grounds, the undersigned need not address Defendants' argument that the doctrine of res judicata bars Plaintiff's claims. Accordingly, based on the foregoing, the undersigned RECOMMENDS that:

1. Defendants' Special Report (Doc. 14), which the Court construes as a motion to dismiss, be GRANTED; and

2. This case be DISMISSED for the reasons set forth herein.

It is further ORDERED that, on or before **February 9, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. 11th Cir. R. 3-1.

DONE this 26th day of January, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE